IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 19, 2014

Lyle W. Cayce
Clerk

—————————

No. 14-40505

—————————

In re:  JEWELL ALLEN; ROSALINDA ARMADILLO; MAVIS BRANCH; FELICIANO CANTU; DAVE GALLOWAY; JOHN GARCIA; JULIAN GARCIA, III; JULIAN GARCIA; VICTORIA GARZA; ROBE GARZA; DESIREE LARA; DIANA LINAN; THELMA MORGAN; JANIE MUMPHORD; JOEL MUMPHORD; FRANK PEREZ; JEAN SALONE; JAMES SHACK; BETTY WHITESIDE; BERTHA WILSON,

Petitioners

—————————

Petition for Writ of Mandamus to the
Southern District of Texas
USDC No. 2:06-CR-563-1

—————————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Petitioners seek a writ of mandamus under the Crime Victims' Rights Act, 18 U.S.C. § 3771(d)(3) ("CVRA"), pertaining to the district court's denial of restitution.  The district court denied restitution under the Victim and Witness Protection Act ("VWPA"), the discretionary counterpart to the Mandatory Victims Restitution Act ("MVRA").  The VWPA provides that the court "may order" defendants convicted of certain offenses to "make restitution

—————————

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to any victim of such offense[s]."  18 U.S.C. § 3663(a).  The VWPA further provides that the court "may decline" to order restitution "[t]o the extent the court determines that the complication and prolongation of the sentencing process resulting from the fashioning of an order of restitution under this section outweighs the need to provide restitution to any victims."  18 U.S.C. § 3663(a)(1)(B)(ii).

"The language of the [VWPA] exemption provision gives the district court a certain amount of discretion in determining whether to consider additional evidence in assessing restitution."  *United States v. Dupre*, 117 F.3d 810, 824 (5th Cir. 1997); *see also United States v. Cienfuegos*, 462 F.3d 1160, 1167-68 (9th Cir. 2006) (distinguishing between the MVRA and the VWPA).  Although courts have used this balancing exemption infrequently, courts have exercised their discretion to invoke this exemption in cases involving "difficult issues of causation and speculative loss."  *Dupre*, 117 F.3d at 824; *see, e.g., United States v. Fountain*, 768 F.2d 790, 802 (7th Cir. 1985).

In considering the record before us, and mindful of the mandamus posture of this matter,[1] we conclude that Petitioners have not shown that the district court clearly and indisputably erred in finding that "the complication and prolongation of the sentencing process" involved in fashioning a restitution order for lifetime medical monitoring outweighed the need for such restitution in this case.  *See* 18 U.S.C. § 3663(a)(1)(B)(ii); *In re Allen*, 701 F.3d 734, 735 (5th Cir. 2012) (citing *In re Dean*, 527 F.3d 391, 394 (5th Cir. 2008)).  In reaching this finding, the court held hearings, received over 800 victim impact statements, heard expert testimony from Citgo's and the Government's experts, heard oral testimony from over 90 members of the community, allowed

---

[1] Defendant Citgo's appeal and the Government's cross-appeal are currently pending before this court under Case No. 14-40128.

the parties and victims extensive briefing on restitution, and issued a twenty-page written opinion. The court found that Petitioners and the Government "failed to show, based on a preponderance of the evidence, that medical monitoring is necessary based on their increased risk of future latent disease due to Tanks 116 and 117." In reaching this conclusion (as well as its other tandem restitution denial rulings), the court found there to be insufficient evidence on the issues of causation and cost calculation, including insufficient evidence as to the levels of exposure to emissions from Tanks 116 and 117, and as to the particular long-term health risks proximately caused by exposure to those levels of emissions. The court further found there to be insufficient evidence as to the types of tests medically appropriate to test for the particular health risks posed, and the costs for those tests. Finally, the court found that, considering the state of the evidence and the time already devoted to evaluating restitution, determining restitution would unduly complicate and prolong the sentencing process. We cannot say that the district court clearly and indisputably erred in this regard.[2]

We further find no clear and indisputable right, amenable to and warranting mandamus relief, based on the district court's issuance of a final written order declining restitution pursuant to the above exemption provision of the VWPA. To be sure, 18 U.S.C. § 3553(c) provides that "[t]he court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence," and "[i]f the court does not order restitution…the court shall include in the statement the reason therefor." Title 18 U.S.C. § 3664(d)(5), however, expressly allows a court a deferment period "not to exceed

---

[2] Although we hold that Petitioners have not shown a clear and indisputable right to relief through the writ of mandamus, we express no opinion as to the proper outcome under the standards of review applicable under any direct review process. *Compare United States v. Bengis*, 631 F.3d 33, 41 (2d Cir. 2011), *with Fountain*, 768 F.2d at 802, *with Dupre*, 117 F.3d at 824.

90 days after sentencing" to make a restitution determination if "the victim's losses are not ascertainable" prior to sentencing (as well as a 60 day period for victims to petition the court to amend a restitution order after discovering "further losses"). Here, the district court held a sentencing hearing, heard testimony from victims, and received victim impact statements. The court then, consistent with the § 3553(c) imperative cited by Petitioners, announced that it would not order restitution at sentencing, stating in open court as its reason that victim losses were not ascertainable due to their complexity. Petitioners provide no authority demonstrating a clear and indisputable right, amenable to and warranting mandamus relief under § 3771(d)(3), or indeed appropriate for supervisory mandamus intercession, to have such a final restitution determination—deferred pursuant to § 3664(d)(5), and then declined pursuant to § 3663(a)(1)(B)(ii)—announced in open court after the defendant's sentencing.

For the reasons above, IT IS ORDERED that the petition for writ of mandamus is DENIED.

IT IS FURTHER ORDERED that Petitioners' motion to waive the requirement for a 72 hour ruling on this matter, or alternatively to consolidate the petition with the related appeal, is DENIED as MOOT.

IT IS FURTHER ORDERED that Dr. Melissa L. Jarrell's motion for leave to file an amicus curiae brief is GRANTED.

IT IS FURTHER ORDERED that Lawrence Jordan, Rosie Porter, and Rose Alvarez's motion for leave to intervene is DENIED.

IT IS FURTHER ORDERED that Petitioners' motion for leave to file a reply is DENIED.